■ In the Matter of Brijen K. Gupta, Respondent, v Ernest L. Boyer, as Chancellor of the State University of New York, et al., Appellants.— Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Petitioner in this article 78 proceeding alleges that he is a professor of history at the State University College at Brockport, having initially received a three-year term appointment in 1970 which was renewed for a two-year term in July of 1973. Petitioner further asserts that subsequently, by a letter from respondent-appellant college president Brown dated August 26, 1975, he was notified that his term appointment would not be renewed, and that as of August 31, 1976 his status as a faculty member at the college would automatically cease. This nonrenewal of his term appointment petitioner contends "was a mere subterfuge and ploy created * * * to secure [his] dismissal without having to * * * accord him with substantive and procedural due process of law, as provided for under the policies of the Board of Trustees of the State University of New York * * * and the Agreement between the State of New York and United University Professors, Inc. * * * in cases where an employee is charged with professional misconduct". Special Term ordered, in pertinent part, as follows: "That a trial be held * * * wherein it shall be preliminarily determined whether the respondents * * * were required to accord the petitioner an administrative due process hearing on the alleged charges of professional misconduct prior to the Notice of Non-Renewal * * * and whether said respondents failed to renew the petitioner's term appointment by reason of his alleged professional misconduct. Thirdly, the Court shall thereafter have jurisdiction to determine whether the petitioner did in fact commit such acts as would constitute professional misconduct; and respondents shall, prior to the commencement of the third step of the trial, cause to be served upon the petitioner a written statement of the particular charges allegedly constituting professional misconduct". Respondents-appellants appeal only from that part of Special Term's order which sets forth the so-called "third step" of the trial. They argue that "Because the controlling labor relations agreement establishes exclusive jurisdiction and procedures for the conduct of disciplinary hearings, it was error for the court below to have ordered that such hearing is to be conducted, if at all, by the court". In *Antinore v State of New York* (49 AD2d 6, 12, affd on the opn of Mr. Justice Del Vecchio at the App Div except as the opinion refers to the necessity for importing particular procedural safeguards into the arbitration proceeding under CPLR art 75, 40 NY2d 921) this court declared (p 12): "That the provisions of article 33 of the agreement entered into by and between the State of New York and CSEA on behalf of employees in the Professional, Scientific and Technical Services Unit on June 20, 1973, as applied to plaintiff, are constitutional and valid to the extent that they permit sections 75 and 76 of the Civil Service Law to be replaced by article 33 as the *sole and exclusive disciplinary procedure* for such employees, and that plaintiff has waived his statutory rights under sections 75 and 76 of the

Civil Service Law." (Emphasis supplied.) (See, also, *Matter of Di Lorenzo v Carey,* Supreme Ct, Monroe County, May 24, 1976, held: that plaintiff, a member of the faculty of the State University College at Brockport,· who challenged the termination of his continuing appointment, had, as his sole and exclusive procedure for review, arbitration in accordance with the collective bargaining agreement between the State and United University Professors, Inc.; *Matter of Farrell v Carey* Supreme Ct, Monroe County, May 24, 1976, same holding.) Accordingly, that part of Special Term's order appealed from is reversed. As a result of the sole and exclusive nature of the disciplinary procedures set forth in the "Agreement" which supplants otherwise extant rights and remedies of petitioner, the court may properly police the fair administration of said agreement to prevent one side, or the other, from circumventing, by any pretext, its controlling provisions and/or procedures. Thus the trial court should proceed with the first step of its proposed trial in order to "preliminarily determine" whether, on the facts adduced, respondents were required to present charges of professional misconduct against petitioner so that he may be afforded a hearing on such charges as provided in the agreement. And as respondents-appellants state in their brief, if it is found that petitioner should have been presented with charges of professional misconduct, and that he should have been afforded a hearing as a condition precedent to the nonrenewal of his term appointment, the trial court should, at that point, remit the matter for resolution to respondent-appellant college for proceedings consistent with the governing labor agreement. (Appeal from order of Monroe Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.