■ In the Matter of ROBERTA WIENER et al., Respondents, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants. — In a proceeding, *inter alia,* to compel the Board of Education of the East Ramapo Central School District and Jack Anderson, as superintendent of said school district to accord petitioners, and persons similarly situated, certain seniority credit, the appeal is from an order of the Supreme Court, Rockland County (Marbach, J.), dated October 28, 1981, which denied the appellants' motion to dismiss the petition and directed them to serve an answer. Leave to

appeal is granted by Justice Titone. Order reversed, on the law, without costs or disbursements, motion granted, and petition dismissed on the merits. Petitioners are all members of a teachers' association which negotiated a collective bargaining agreement with the appellant school district. The agreement contained a provision which reads: "REGULAR SUBSTITUTE SERVICE SHALL NOT BE CREDITED FOR SENIORITY EXCEPT SUCH SERVICE AS MAY HAVE BEEN CREDITED AS PART OF THE PROBATIONARY PERIOD." Petitioners, who were all regularly appointed teachers but were subsequently reappointed as regular substitute teachers, commenced the instant proceeding to compel the appellants to accord them seniority credit for their substitute work despite the foregoing provision of the agreement. The appellants moved to dismiss the petition, *inter alia,* under CPLR 3211 (subd [a], par 1), upon the ground that a defense thereto was founded upon documentary evidence, namely, the collective bargaining agreement. It is beyond question that as members of the teachers' association, petitioners are bound by the collective bargaining agreement (see *Di Lorenzo v Carey,* 62 AD2d 583, app dsmd 45 NY2d 832; *Dye v New York City Tr. Auth.,* 88 AD2d 899), and that such an agreement may act as a waiver of rights afforded to public employees by statute (see *Antinore v State of New York,* 49 AD2d 6, affd 40 NY2d 921). In order to avoid the effect of the express provision of the agreement concerning the subject of this dispute, it was incumbent upon the petitioners to show either that the agreement was entered into under duress (which they do not allege), or that the provision in question is contrary to public policy (see *Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122; *Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743). Petitioners have failed to meet their burden in this case. In a recent case this court held that "the public policy of this State is not violated by certain knowing and voluntary waivers of the protections afforded by the Education Law" (*Matter of Juul v Board of Educ.,* 76 AD2d 837, 838; see, also, *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, mot for rearg den 46 NY2d 1076, cert den 444 US 845; *Matter of Feinerman v Board of Coop. Educational Servs. of Nassau County,* 48 NY2d 491). Although those cases involved tenure rights, we now hold that their reasoning applies to seniority rights as well. The collective bargaining agreement therefore properly addressed the seniority rights of petitioners (see *Board of Educ. v Lakeland Federation of Teachers, Local 1760, Amer. Federation of Teachers, AFL-CIO,* 51 AD2d 1033). The agreement is sufficient documentary evidence that the petitioners were not entitled to seniority credit for the time spent as regular substitute teachers and accordingly the petition should have been dismissed. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.