OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Petitioners, approximately 225 New York City firefighters hired after July 1, 1988, commenced this article 78 proceeding challenging respondents’ implementation of a decision of an impasse panel which had been appointed to settle a collective bargaining dispute between petitioners’ union and the City of New York. Specifically, petitioners argued that since section 15-107 of the Administrative Code of the City of New York established a salary grade structure whereby newly hired firefighters would reach top pay grade after three years of service, respondents lacked the power to implement that part of the impasse panel’s decision which increased that period to five years, without first having section 15-107 amended. We conclude that the courts below properly rejected this contention.
Although petitioners concede that statutory provisions such as section 15-107 may, as a general matter, be freely waived by the parties to a collective bargaining agreement (see, Schacht v City of New York, 39 NY2d 28, 32; Matter of Wiener v Board of Educ., 90 AD2d 832, 833; Antinore v State of New York, 49 AD2d 6, 10, affd 40 NY2d 921), they nevertheless *897 contend that section 12-311 (c) (3) (e) of the code requires that legislative "approval” be obtained before an impasse panel decision purporting to override such a provision may be implemented. We cannot agree.
A comparison of section 12-311 (c) (3) (e) with section 201 (12) of the Civil Service Law clearly demonstrates that the former was merely designed to ensure that legislative "approval” of an impasse panel decision would be required if such "approval” would have been necessary had a negotiated collective bargaining agreement been involved (compare, Administrative Code § 12-311 [c] [3] [e][1] [applicable to impasse panel decisions], with Civil Service Law § 201 [12][2] [applicable to negotiated collective bargaining agreements]). Accordingly, since petitioners concede that legislative "approval” would not have been required had the salary grade structure set forth in section 15-107 been modified through a negotiated collective bargaining agreement, their contention that section 12-311 (c) (3) (e) nevertheless mandates that such "approval” should have been obtained here, must be rejected.
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur; Judge Kaye taking no part.
Order affirmed, with costs, in a memorandum.

. Section 12-311 (c) (3) (e) of the Administrative Code of the City of New York provides that "any provisions of [the impasse panel’s] award the implementation of which requires the enactment of a law shall not become binding until the appropriate legislative body enacts such law.”

. Section 201 (12) of the Civil Service Law provides that a collective bargaining agreement which has been negotiated between the parties "becomes a binding contract, for the period set forth therein, except as to any provisions therein which require approval by a legislative body, and as to those provisions, shall become binding when the appropriate legislative body gives its approval.”