SHARON L. LASKY, Appellant, v CITY OF NEW YORK et al., Respondents. [722 NYS2d 391] —In an action to recover damages for employment discrimination and breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 23, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting those branches of the motion which were for summary judgment dismissing the first and second causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the first and second causes of action are reinstated.

In 1991 the plaintiff resigned from her position as a Supervisor at the New York City Health and Hospitals Corporation (hereinafter HHC) to take a position in a Federally-funded program at Kings County Hospital. When the Federal subsidy was discontinued, the plaintiff returned to work at HHC. Before her return, the plaintiff was notified by HHC that she would receive a salary of $45,239. However, upon her return, HHC actually paid the plaintiff a salary of $36,029.

The plaintiff filed a grievance through her union claiming that she was contractually entitled to the salary promised to her. That grievance was denied by the City's Office of Labor Relations (hereinafter OLR) in April 1996. The plaintiff then appealed to the Personnel Relations Board of HHC (hereinafter PRB). In January 1997 the PRB dismissed the appeal on the ground that it was barred by her prior election to proceed by way of the grievance procedure.

The plaintiff then commenced a proceeding pursuant to CPLR article 78 which alleged, *inter alia*, that the defendants breached the contract by failing to pay her the promised salary. The Supreme Court dismissed the proceeding, and the plaintiff did not appeal the dismissal.

Thereafter, the plaintiff brought the instant action seeking damages for, *inter alia*, breach of contract and alleged violations of city and state anti-discrimination laws. The Supreme

Court granted the defendants' motion for summary judgment on the ground that the action was barred by the doctrine of res judicata. The plaintiff appeals.

New York courts apply the transactional analysis approach to res judicata issues (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 357). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy" (*Santiago v Lalani,* 256 AD2d 397, 398; *see, O'Brien v City of Syracuse, supra*). Thus, contrary to the plaintiff's contention, her third, fourth, and fifth causes of action were properly dismissed as they sought relief which could have been sought in the prior administrative proceedings. However, as the defendants correctly concede, the plaintiff's first two causes of action, which allege violations of various anti-discrimination laws, should not have been dismissed, as the relief she seeks could not have been awarded within the context of the prior administrative proceedings (*see, Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702). Accordingly, those causes of action are reinstated. Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.