# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1425**

**CA 11-00657**

PRESENT: SCUDDER, P.J., CENTRA, GREEN, GORSKI, AND MARTOCHE, JJ.

---

DOMINICK CALHOUN, BY AND THROUGH HIS NEXT
FRIEND, THE CHILDREN'S RIGHTS INITIATIVE, INC.,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

ILION CENTRAL SCHOOL DISTRICT, CHRISTINE RUFF,
PETER BUTCHKO, JOHN DOE(S) AND JANE DOE(S),
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

THE CHILDREN'S RIGHTS INITIATIVE, INC., ROME (BETH A. LOCKHART OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

THE LAW FIRM OF FRANK W. MILLER, EAST SYRACUSE (J. RYAN HATCH OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Herkimer County
(Michael E. Daley, J.), entered October 15, 2010.  The order denied
the amended motion of plaintiff for leave to serve a late notice of
claim, granted the motion of defendants to dismiss and/or for summary
judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying defendants' motion in part
and reinstating the 1st, 2nd, 4th, 5th, 7th, 8th, 11th and 12th causes
of action and as modified the order is affirmed without costs.

Memorandum:  Plaintiff, a former student at defendant Ilion
Central School District (School District), commenced this action
alleging that defendants violated the Americans with Disabilities Act
([ADA] 42 USC § 12101 *et seq.*), the Rehabilitation Act (29 USC § 701
*et seq.*), and the Human Rights Law (Executive Law § 290 *et seq.*) when
they discriminated against him because of his learning disability.  He
also asserted a cause of action for defamation against defendant
Christine Ruff as well as causes of action for assault and battery
against defendant Peter Butchko.  Both Ruff and Butchko were teachers
employed by the School District.  Defendants moved to dismiss the
complaint pursuant to various subdivisions of CPLR 3211 and for
summary judgment dismissing the complaint pursuant to CPLR 3212.
Supreme Court granted the motion, which it characterized as a motion
to dismiss "and/or" for summary judgment, without further explanation
of its basis for granting the motion.  Plaintiff thereafter moved, as
relevant to this appeal, for leave to serve a late notice of claim

pursuant to Education Law § 3813 (2-a) with respect to the assault and battery causes of action against Butchko, but the court denied that motion and again granted the relief granted in the earlier order.

Plaintiff appeals from each and every part of both orders, but contends only that the court erred in dismissing the causes of action based on the violations of the ADA and the Rehabilitation Act as well as the causes of action for assault and battery. We thus agree with defendants that plaintiff has abandoned any contentions with respect to the Human Rights Law and the defamation causes of action (*see Ciesinski v Town of Aurora*, 202 AD2d 984).

We agree with plaintiff that the court erred in dismissing the ADA and Rehabilitation Act causes of action, and we therefore modify the order by denying those parts of defendants' motion with respect to those causes of action and reinstating them. Defendants contend that, pursuant to the Individuals with Disabilities Education Act ([IDEA] 20 USC § 1400 *et seq.*) and Education Law § 4404 (3), plaintiff was required to commence a CPLR article 78 proceeding before commencing this action. We reject that contention. The IDEA serves to provide disabled children with a "free and appropriate public education" (§ 1400 [d] [1] [A]; *see* § 1401 [8]). Together with parents, the educators must develop an individualized education program, commonly known as an IEP (*see* § 1401 [14]; § 1414 [d]) and, if a parent has any complaints related to the IEP, the IDEA provides specific procedures to address those complaints (*see* § 1415 [b] [6]; [f] [1]; [h]). Furthermore, the IDEA "provides that potential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal [or state] court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)" (*Polera v Board of Educ. of Newburgh Enlarged City School Dist.*, 288 F3d 478, 481). Pursuant to the IDEA, the parent must first file a due process complaint notice (*see* § 1415 [c] [2]; 8 NYCRR 200.5 [i]) and, if the complaints cannot be resolved (*see* 20 USC § 1415 [e], [f] [1] [B] [i]; 8 NYCRR 200.5 [j] [2]), then the matter proceeds to an impartial due process hearing (*see* 20 USC § 1415 [f] [1] [B] [ii]; 8 NYCRR 200.5 [j] [3]). In New York such hearings are heard by the local educational agency (*see* 20 USC § 1415 [f] [1] [A]; Education Law § 4404 [1]; *Cave v East Meadow Union Free School Dist.*, 514 F3d 240, 245). A parent aggrieved by the decision of the impartial hearing officer (IHO) may appeal to the State educational agency's review officer (SRO) (*see* 20 USC § 1415 [g]; Education Law § 4404 [1] [c]; [2]; 8 NYCRR 200.5 [k] [1]; *Cave*, 514 F3d at 245). Pursuant to the federal statute, any party aggrieved by the findings of the IHO and the SRO "shall have the right to bring a civil action with respect to the complaint presented pursuant to [20 USC § 1415] . . . in any State court of competent jurisdiction or in a district court of the United States" (§ 1415 [i] [2] [A]). "Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the [ADA], title V of the Rehabilitation Act . . ., or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available

under this subchapter, the procedures under subsections (f) [impartial hearing] and (g) [appeal to SRO] shall be exhausted to the same extent as would be required had the action been brought under this subchapter" (§ 1415 [l]). It is undisputed that plaintiff's mother complied with the IDEA procedures. Defendants contend, however, that the Education Law imposes an additional procedural requirement with which there has been no compliance.

Pursuant to Education Law § 4404 (3) (a), any final determination or order of an SRO may be reviewed only in a special proceeding "commenced within four months after the determination to be reviewed becomes final and binding on the parties" (*see also* 8 NYCRR 200.5 [k] [3]). In this action, however, plaintiff does not seek review of the SRO's decision. He is not seeking to confirm, annul or modify the SRO's determination. Rather, he is seeking damages for the alleged discrimination he suffered while he was a student in the School District. Even if it can be said that he is seeking relief that was available under the IDEA, as previously noted, there is no dispute that there was compliance with the procedural requirements of that statute. Thus, the failure to pursue a review of the SRO's determination by a special proceeding did not deprive the court of subject matter jurisdiction over the ADA and the Rehabilitation Act causes of action.

We reject defendants' further contention that this action is barred by the doctrines of res judicata and collateral estoppel. Although the doctrine of res judicata can apply "to give conclusive effect to the quasi-judicial determinations of administrative agencies" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 499), we agree with plaintiff that his federal discrimination claims, even if they sought relief similar to that available under the IDEA (*see Polera*, 288 F3d at 486-487), could not have been brought in the IDEA proceeding and thus the doctrine of res judicata does not apply (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349; *Lasky v City of New York*, 281 AD2d 598, 599).

With respect to the doctrine of collateral estoppel, we agree with plaintiff that the claims he raises in this action were not necessarily decided by the SRO in the administrative action inasmuch as the SRO concluded that the contentions of plaintiff's mother had been rendered moot (*see Adirondack League Club v Sierra Club*, 92 NY2d 591, 608). In any event, it lies within the discretion of the trial court whether to apply the doctrine of collateral estoppel, and the doctrine need not be applied even if all of the prerequisites to the doctrine have been met (*see Matter of Russo v Irwin*, 49 AD3d 1039, 1041-1042).

To the extent that defendants contend for the first time on appeal that plaintiff's federal causes of action sound in educational malpractice and are therefore barred, that contention is not properly before us (*see Ciesinski*, 202 AD2d at 985), and we nevertheless conclude that it lacks merit (*cf. Hoffman v Board of Educ. of City of N.Y.*, 49 NY2d 121, 125-126; *Donohue v Copiague Union Free School Dist.*, 47 NY2d 440, 444-445).

Finally, we agree with plaintiff that he was not required to file and serve a notice of claim with respect to his causes of action against Butchko, individually, inasmuch as his alleged acts were not committed "in the discharge of his duties within the scope of his employment" (Education Law § 3813 [2]).  We therefore further modify the order by denying those parts of defendants' motion with respect to the 11th and 12th causes of action and reinstating those causes of action as well.  Where, as here, the conduct of an employee as alleged in the complaint amounts to the commission of intentional torts, that conduct falls outside the scope of employment and dismissal of a cause of action based upon a plaintiff's failure to file a notice of claim is unwarranted (*see Rew v County of Niagara*, 73 AD3d 1463; *Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 817-818; *cf. Hale v Scopac*, 74 AD3d 1906; *DeRise v Kreinik*, 10 AD3d 381, 381-382).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court