■ STEVEN BREGMAN et al., Appellants, v EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents. [997 NYS2d 91]—

In a hybrid action, inter alia, for a judgment declaring that a provision of the subject collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are illegal and invalid, and proceeding pursuant to CPLR article 78 to review a determination of the East Ramapo Central School District denying the plaintiffs/petitioners seniority credit, the plaintiffs/petitioners appeal from an order of the Supreme Court, Rockland County (Walsh II, J.), dated March 27, 2013, which granted the motion of the East Ramapo Central School District and the Board of Education for the East Ramapo Central School District, and the separate motion of the East Ramapo Teachers Association, pursuant to CPLR 3211 (a) (7) to dismiss the complaint/petition insofar as asserted against each of them for failure to state a cause of action.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted those branches of the separate motions which were to dismiss the petition is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants/respondents' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action for a judgment declaring, inter alia, that the relevant provision of the subject collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are illegal and invalid, and substituting therefor a provision denying those branches of the defendants/respondents' separate motions; as so modified, the order is affirmed, with one bill of costs to the defendants/respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the relevant provision of the collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are not illegal and invalid.

The plaintiffs/petitioners correctly contend that the defendant East Ramapo Teachers Association is a necessary party to the action (see CPLR 1001 [a]). In addition, the plaintiffs/petitioners were not required to exhaust their administrative remedies before commencing this action/proceeding, as their arguments fall outside the scope of the subject collective bargaining agreement's particular grievance process. Furthermore, the Supreme Court had jurisdiction over the matter because the issues are purely questions of law (see Matter of Madison-Oneida Bd. of Coop. Educ. Servs. v Mills, 4 NY3d 51, 59 [2004]).

However, the Supreme Court improperly granted those branches of the defendants/respondents' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action for a judgment declaring, inter alia, that the relevant provision of the collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are illegal and invalid. " 'A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration' " (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2011], quoting Staver Co. v Skrobisch, 144 AD2d 449, 450 [1988]). "Thus, 'where a cause of action is sufficient to invoke the court's power to render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy, a motion to dismiss that cause

of action should be denied' " (*DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013], quoting *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150). A court may reach "the merits of a properly pleaded cause of action for a declaratory judgment upon a motion to dismiss for failure to state a cause of action where 'no questions of fact are presented [by the controversy]' " (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150, quoting *Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957]). Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action "should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (Siegel, NY Prac § 440 [5th ed]; *see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150).

Here, the plaintiffs/petitioners were not entitled to the relief they sought. The plaintiffs/petitioners waived their right to seniority credit through their teacher association's collective bargaining agreement with the defendant Board of Education for the East Ramapo Central School District (hereinafter the Board of Education) (*see Matter of Wiener v Board of Educ. of E. Ramapo Cent. School Dist.*, 90 AD2d 832, 833 [1982]). Such waiver was not against public policy, as the Board of Education was allowed to establish a separate tenure area for administrators apart from the teaching tenure areas enumerated in 8 NYCRR 30-1.4 (*see Matter of Bell v Board of Educ. of Vestal Cent. School Dist.*, 61 NY2d 149, 151 [1984]; *Matter of Pearse*, 50 Ed Dept Rep, Decision No. 16,159), and the plaintiffs/petitioners did not establish that their positions constituted "instructional support services" as defined in 8 NYCRR 30-1.1 (j). Accordingly, the Supreme Court properly granted those branches of the defendants/respondents' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the petition insofar as asserted against each of them. However, the Supreme Court should have denied those branches of the defendants/respondents' separate motions which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action for a judgment declaring, inter alia, that the relevant provision of the collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are illegal and invalid, and instead entered a judgment declaring that the relevant provision of the collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are not illegal and invalid.

Since this is, in part, a declaratory judgment action, we remit

the matter to the Supreme Court, Rockland County for the entry of a judgment, inter alia, declaring that the relevant provision of the collective bargaining agreement governing seniority rights and the determination to deny the plaintiffs/petitioners credit pursuant thereto are not illegal and invalid (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.