Matter of Chet's Garage, Inc. v Village of Goshen (2018 NY Slip Op 03126)





Matter of Chet's Garage, Inc. v Village of Goshen


2018 NY Slip Op 03126


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-09308
 (Index No. 532/14)

[*1]In the Matter of Chet's Garage, Inc., appellants,
v
Village of Goshen, et al., respondents.


Joseph J. Haspel, PLLC, Goshen, NY, for appellants.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondents Village of Goshen, Village of Goshen Police Department, James C. Watt, as Chief of Police of the Village of Goshen and/or his designee, and Board of Trustees of the Village of Goshen.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated July 14, 2015. The order and judgment granted the motion of the respondents/defendants Village of Goshen, Village of Goshen Police Department, James C. Watt, as Chief of Police of the Village of Goshen and/or his designee, and the Board of Trustees of the Village of Goshen, and the separate motion of the respondents/defendants Goshen Hookers Towing, Inc., Towfessionals, Inc., and Adamis Towing, Inc., pursuant to CPLR 3211(a)(7), to dismiss the amended petition/complaint insofar as asserted against each of them and, in effect, for a declaration in their favor.
ORDERED that on the Court's own motion, the appeal from so much of the order and judgment as granted those branches of the respondent/defendants' separate motions which were to dismiss so much of the second cause of action as sought to annul the contract award to the respondent/defendant Adamis Towing, Inc., and so much of the third cause of action as sought a judgment declaring that that contract award is void, and dismissed those portions of the second and third causes of action, is dismissed as academic, as that contract expired by its own terms; and it is further,
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof granting those branches of the respondents/defendants' separate motions which were to dismiss so much of the second cause of action as sought to annul the November 1, 2014, towing policy, and substituting therefor a provision denying those branches of the respondents/defendants' separate motions, and (2) by deleting the provision thereof granting those branches of the respondents/defendants' separate motions which were to dismiss the third cause of action seeking a declaratory judgment, and, in effect, for a declaration in their favor, and substituting therefor provisions granting so much of those branches of the respondents/defendants' separate motions as sought, in effect, a judgment declaring that the request for proposals is not illegal or invalid and the Rotational List Policy of the respondent/defendant Village of Goshen is no longer in effect, and denying so much of those branches of the respondents/defendants' separate motions as sought, in effect, a judgment declaring that the November 1, 2014, towing policy is valid; as so [*2]modified, the order and judgment is affirmed insofar as reviewed, with costs to the petitioners/plaintiffs, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended order and judgment, inter alia, declaring that the November 1, 2014, towing policy is invalid, the relevant request for proposals is not illegal or invalid, and the Rotational List Policy of the respondent/defendant Village of Goshen is no longer in effect.
In July 2012, in connection with its then-existing towing policy and procedure, the Village of Goshen maintained two lists of approved towing companies to be contacted by the Village of Goshen Police Department (hereinafter the Police Department) on a rotating basis to tow impounded and disabled vehicles (hereinafter the Rotational List Policy). The Village maintained a light duty list for passenger cars (hereinafter the Light Duty List) and a separate heavy duty list for larger vehicles (hereinafter the Heavy Duty List) (hereinafter together the Rotational Lists). Pursuant to the Rotational List Policy, applications by tow truck companies to be included on the Rotational Lists were to be considered by the Police Department on an annual basis. The Rotational List Policy also set forth certain eligibility criteria that each towing service had to meet to be approved for inclusion on the Rotational Lists. Pursuant to Code of the Village of Goshen § 54-5, the Village Board of Directors (hereinafter the Board) was authorized to determine the contents of the policy and to amend it from time to time.
In September and October 2013, the petitioners/plaintiffs (hereinafter collectively the petitioners), tow truck companies that provide towing services to the Village and were on the Rotational Lists, sent letters to James C. Watt, the Village Chief of Police, demanding that Goshen Hookers Towing, Inc., Towfessionals, Inc., and Adamis Towing, Inc. (hereinafter collectively the Tow Company respondents), which also provided towing services to the Village and were also on the Rotational Lists, be removed from those Rotational Lists on the ground that those companies did not meet the eligibility criteria set forth in the Rotational List Policy. The Village, the Board, the Police Department, and Watt (hereinafter collectively the Village respondents) failed to respond to the petitioners' demand letters.
In January 2014, the petitioners commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, relief in the nature of mandamus to compel Watt or his designee to remove the Tow Company respondents from the Rotational Lists or, alternatively, to issue a written decision addressing their demands.
In July 2014, the Supreme Court granted relief on the CPLR article 78 causes of action to the extent of directing the Village respondents to investigate the petitioners' allegations that the Tow Company respondents were not eligible to be included on the Rotational Lists and to issue a written determination. Thereafter, in August 2014, the Village respondents determined that the Tow Company respondents would be removed from the Heavy Duty List because they lacked the requisite equipment, but would remain on the Light Duty List.
In October 2014, the Board issued a Request for Proposals (hereinafter RFP) from qualified towing companies to serve as the exclusive provider of towing services to the Village for a three-year period, setting forth certain eligibility criteria and the factors it would consider in making any selection. Each of the petitioners and Adamis submitted proposals. Thereafter, on October 27, 2014, the Board awarded an exclusive, three-year contract to Adamis. That three-year contract has since expired.
Also at the October 2014 meeting, following a hearing, the Board adopted Local Law No. 3 (2014) of the Village of Goshen, which amended Code of the Village of Goshen § 54-5 (hereinafter Local Law No. 3) to shift the authority for determining the towing policy from the Board to the Police Department. This amendment took effect on November 5, 2014, upon its filing with the Secretary of State (see Municipal Home Rule Law § 27[3]). Although authority to determine the towing policy had not yet vested with the Police Department, on November 1, 2014, Watt issued an amended towing policy replacing the Rotational List Policy with an RFP/exclusive contract process (hereinafter the November 1, 2014, towing policy).
Thereafter, the petitioners filed an amended petition/complaint alleging that the Village respondents acted in excess of their jurisdiction and without a rational basis by, inter alia, (1) failing to remove the Tow Company respondents from the Light Duty List, (2) issuing the RFP, (3) adopting Local Law No. 3, (4) issuing the November 1, 2014, towing policy, and (5) assigning tows to which the petitioners were entitled under the Rotational List Policy to the Tow Company respondents during the period of time from the filing of the original petition until the Board awarded the exclusive contract to Adamis. The petitioners continued to seek the mandamus relief they sought in their original petition. The petitioners also sought a judgment declaring, inter alia, that (1) the RFP and the November 1, 2014, towing policy were void, (2) the Rotational List Policy remained in effect, and (3) the Tow Company respondents were not eligible to be included on the Light Duty List under the Rotational List Policy and the Village respondents had a duty to remove the Tow Company respondents from the list. Finally, the petitioners sought damages pursuant to 42 USC § 1983 for alleged violations of their right to equal protection and First Amendment right to petition the government.
The Village respondents moved, and the Tow Company respondents separately moved, pursuant to CPLR 3211(a)(7), to dismiss the petition/complaint insofar as asserted against each of them, and, in effect, for a declaration in their favor. In the order and judgment appealed from, the Supreme Court granted the respondents' separate motions to the extent of dismissing the petition/complaint. The petitioners appeal.
We agree with the Supreme Court's determination to grant those branches of the respondents' separate motions which were to dismiss the petitioners' first cause of action, which sought relief in the nature of mandamus to compel the Village respondents to remove the Tow Company respondents from the Light Duty List. Contrary to the petitioners' contention, the Board had the authority to issue an RFP and thereafter award an exclusive contract, which, in effect, replaced the Rotational List Policy with the RFP process. Inasmuch as the Rotational List Policy was replaced by the RFP process, the petitioners failed to establish a clear legal right to mandamus relief based on the superseded policy (see Matter of County of Fulton v State of New York, 76 NY2d 675, 678; Matter of Willows Condominium Assn. v Town of Greenburgh, 153 AD3d 535, 536-537).
With respect to the second cause of action, where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it (see Leon v Martinez, 84 NY2d 83, 88; Guggenheimer v Ginzburg, 43 NY2d 268, 275). Here, the parties' evidentiary submissions conclusively refuted the petitioners' claim that the Village respondents assigned tows to which the petitioners claim to have been entitled under the Rotational List Policy to the Tow Company respondents. Further, the parties' evidentiary submissions demonstrated that the Village respondents acted within the scope of their authority and with a rational basis in their determination to (1) not remove the Tow Company respondents from the Light Duty List, (2) issue the RFP, and (3) adopt Local Law No. 3. Accordingly, the Supreme Court properly granted those branches of the respondents' separate motions which were to dismiss so much of the second cause of action as sought to annul those actions. However, the Supreme Court improperly granted those branches of the respondents' separate motions which were to dismiss so much of the second cause of action as sought to annul the November 1, 2014, towing policy. The evidence showed that when Watt issued the amended towing policy on November 1, 2014, he was not yet empowered to do so inasmuch as Local Law No. 3 did not take effect until four days later when it was filed with the Secretary of State (see Municipal Home Rule § 27[3]). Consequently, the November 1, 2014, towing policy is invalid. Accordingly, the Supreme Court should have denied those branches of the respondents' separate motions which were to dismiss so much of the second cause of action as sought to annul the November 1, 2014, towing policy.
With respect to the petitioners' third cause of action seeking a declaratory judgment, the Supreme Court should have declared that the November 1, 2014, towing policy is invalid, the [*3]RFP is not illegal or invalid, and the Rotational List Policy is no longer in effect. Here, the petitioners' allegations were sufficient for the court to render a declaratory judgment (see CPLR 3001; Chanos v MADAC, LLC, 74 AD3d 1007, 1008). "Upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented by the controversy" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890 [internal quotation marks and brackets omitted]; see Bregman v East Ramapo Cent. Sch. Dist., 122 AD3d 656, 658). "Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d at 890 [internal quotation marks omitted]; see Bregman v East Ramapo Cent. Sch. Dist., 122 AD3d at 658). Since no questions of fact existed with respect to the issues, the Supreme Court should have declared that the November 1, 2014, towing policy is invalid, the RFP is not illegal or invalid, and the Rotational List Policy is no longer in effect.
The petitioners' remaining contentions are without merit.
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of an appropriate amended order and judgment, inter alia, declaring that the November 1, 2014, towing policy is invalid, the relevant request for proposals is not illegal or invalid, and the Rotational List Policy is no longer in effect (see Lanza v Wagner, 11 NY2d 317).
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court