Shortt v City of New York (2019 NY Slip Op 04745)





Shortt v City of New York


2019 NY Slip Op 04745


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-07433
 (Index No. 502747/14)

[*1]Myrtle Shortt, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Leav & Steinberg, LLP, New York, NY (Ricardo J. Martinez of counsel), for appellant.
Harris Beach PLLC, New York, NY (Victoria A. Graffeo, Bradley M. Wanner, and Andrew J. Orenstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 1, 2017. The order granted that branch of the motion of the defendants City of New York and City of New York Department of Education which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants City of New York and City of New York Department of Education which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them is denied.
The plaintiff, a school teacher employed by the defendant City of New York Department of Education (hereinafter DOE), commenced this action to recover damages for personal injuries she alleges she sustained as a result of an elevator accident that occurred on January 4, 2013, at the high school where she worked. According to the plaintiff, after she entered an elevator at the school, it began to jerk as it was ascending, and thereafter, stopped above the third floor between floors, moving up and down several times and causing her to hit her lower back on the wall of the elevator. Thereafter, she was trapped inside the elevator until she was extracted from it, which required her to jump from the elevator to the third floor.
Prior to commencing this action, the plaintiff applied to the DOE for "line of duty injury" paid medical leave pursuant to the terms of a collective bargaining agreement (hereinafter the CBA). The DOE denied the application without providing the plaintiff with a reason for its determination. The plaintiff opted not to challenge the DOE determination through a medical arbitration proceeding pursuant to the terms of the CBA, and thereafter commenced this action.
The DOE and the defendant City of New York (hereinafter together the defendants), moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them on the basis that the plaintiff failed to exhaust her administrative remedies under the CBA. Alternatively, they argued that dismissal was warranted under collateral estoppel and/or res judicata. By order dated May 1, 2017, the Supreme Court granted that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendants. The court determined that the plaintiff failed to exhaust her administrative remedies under the CBA. The plaintiff appeals, and we reverse.
An employee covered by a collective bargaining agreement which provides for a grievance procedure must exhaust administrative remedies prior to seeking judicial remedies (see Matter of Plummer v Klepak, 48 NY2d 486, 489-490; Spano v Kings Park Cent. School Dist., 61 AD3d 666, 670-671) or face dismissal of the action (see Sheridan v Town of Orangetown, 21 AD3d 365, 365-366; see also Matter of Dorme v Slingerland, 41 AD3d 596, 596). Here, however, the plaintiff seeks to recover damages against the defendants for pain and suffering based upon a negligence theory of liability which is outside the scope of, and is not governed by, the CBA's "line of duty injury" paid leave grievance provisions (see Bregman v East Ramapo Cent. Sch. Dist., 122 AD3d 656, 657; Matter of Van Tassel v County of Orange, 204 AD2d 560, 561). There is no need to exhaust administrative remedies when the cause of action by the plaintiff is not governed by the CBA (see Bregman v East Ramapo Cent. Sch. Dist., 122 AD3d at 657; Matter of Van Tassel v County of Orange, 204 AD2d at 561).
The defendants' contention that dismissal is also warranted on the basis of collateral estoppel and res judicata is without merit (see Chiara v Town of New Castle, 61 AD3d 915, 916; Laskey v City of New York, 281 AD2d 598, 599). Collateral estoppel is inapplicable, as the defendants failed to demonstrate that the issue that the plaintiff seeks to pursue here was necessarily decided by the DOE when it denied the plaintiff's "line of duty injury" paid leave application (see Melendez v McCrowell, 139 AD3d 1018, 1020; Lauro v City of New York, 67 AD3d 744, 746). Likewise, the doctrine of res judicata, or claim preclusion, also is inapplicable to the plaintiff's complaint because the relief she seeks could not have been awarded within the context of the prior administrative proceeding (see Lasky v City of New York, 281 AD2d at 599).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court