OPINION OF THE COURT
Herbert A. Posner, J.
In this mortgage foreclosure action, the plaintiff seeks sum *483 mary judgment and an order appointing a referee to compute the amount due plaintiff. The defendant, Board of Managers of Andrew Jackson Condominium, cross-moves for an order declaring it is entitled to recover amounts owed it by the defendant, Luis Gomez, from the proceeds of the foreclosure sale and any deficiency from the grantee of the unit in the foreclosure sale. The plaintiff contends that defendant’s subordinate lien is extinguished if there are no excess proceeds from the sale.
The defendant relies upon the last paragraph of Real Property Law § 339-aa (Lien for common charges; duration; foreclosure). That paragraph states: "Except as herein specifically provided, nothing contained herein shall affect or impair or release the unit from the lien for such common charges or impair or diminish the rights of the manager or the board of managers on behalf of the unit owners under this section and section three hundred thirty-nine-z.”
If one reads that language in a vacuum, then defendant’s contention appears to be a valid one — namely, that the lien for common charges stays on the unit until satisfied, whether or not there is a foreclosure by the condominium or by someone else. However, a different conclusion is reached after one carefully reads section 339-z.
Section 339-z of the Real Property Law provides that the lien of the condominium board of managers for unpaid common charges is superior to all other liens except "all sums unpaid on a first mortgage of record”. This is followed by the sentence, "Upon the sale or conveyance of a unit, such unpaid common charges shall be paid out of the sale proceeds or by the grantee” (emphasis added).
The question raised by the latter language (in the statute) is whether "the sale or conveyance of a unit” includes a foreclosure sale. The condominium board says it does and the bank says it does not.
This court agrees with the unpublished decision rendered by the Honorable Howard R. Silver in Republic Natl. Bank v Joubert (Sup Ct, Bronx County), that the last quoted language was intended to apply to the general case of the sale of a condominium unit to a grantee and not to a foreclosure sale to a first mortgagee. That this was the intention of the Legislature is clear from the final sentence of section 339-z which states: "Notwithstanding the above, the declaration of an exclusive non-residential condominium may provide that the *484 lien for common charges will be superior to any mortgage liens of record.” By thus specifically affording a mechanism for establishing the priority to any mortgage of a lien for common charges of an exclusive nonresidential condominium, the Legislature, by implication, has denied the lien for common charges of a residential condominium any right of priority to a first mortgage. Permitting the lien for common charges to survive a foreclosure sale would have the effect of creating such a priority and would be in contravention of the legislative intent.
It is a universal principle in the interpretation of statutes that "expressio unius est exclusio alterius”. The specific mention of nonresidential condominiums implies the exclusion of residential condominiums. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240.)
The court therefore finds that the Legislature did not intend to exempt the condominium’s lien for common charges from RPAPL 1353 which, in effect, extinguishes all liens, subordinate to the first mortgage, upon the foreclosure sale unless there are proceeds remaining to be distributed in accordance with RPAPL 1354. (Contra, East Riv. Sav. Bank v Saldivia, NYLJ, Oct. 11, 1989, at 21, col 4.) This does not render section 339-z of the Real Property Law meaningless in the event of a foreclosure sale for it still serves to afford the condominium’s unpaid lien for common charges priority to other liens, when there are proceeds remaining after the first mortgage is satisfied.
A fundamental rule of statutory construction is to read and construe the entire act together in order to determine legislative intent. (McKinney’s Cons Laws of NY, Book 1, Statutes §97.)
Accordingly, the motion by plaintiff for summary judgment and appointment of a referee is granted, there being no opposition. The cross motion by the board of managers of the condominium is granted only to the extent that the lien for common charges of said defendant is declared to have priority if there are excess proceeds remaining after payment of all sums due plaintiff upon foreclosure of its first mortgage and the expenses of the sale in accordance with RPAPL 1354 (1) and (2).