OPINION OF THE COURT
David B. Saxe, J.
Ruling on an issue that has since arisen with increasing frequency before the trial courts of this State, I originally held *969 in this matter that when a mortgagee, upon foreclosure sale of a condominium unit, purchases the foreclosed-upon property, it must pay the unpaid common charges owed to the condominium on that unit. I recognized that this would run counter to the mortgagee’s superior lien, but concluded that the words of Real Property Law § 339-z require this result.
The mortgagee now moves for reargument, and believing that I may have erred in interpreting the statute, reargument is granted, and the matter is reconsidered here.
Real Property Law § 339-z reads as follows:
"§ 339-z. Lien for common charges; priority; exoneration or grantor and grantee
"The board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon, prior to all other liens except only (i) liens for taxes on the unit in favor of any assessing unit, school district, special district, county or other taxing unit, and (ii) all sums unpaid on a first mortgage of record or on a subordinate mortgage of record held by the New York job development authority or held by the New York state urban development corporation. Upon the sale or conveyance of a unit, such unpaid common charges shall be paid out of the sale proceeds or by the grantee. Any grantor or grantee of a unit shall be entitled to a statement from the manager or board of managers, setting forth the amount of the unpaid common charges accrued against the unit, and neither such grantor nor grantee shall be liable for, nor shall the unit conveyed be subject to a lien for, any unpaid common charges against such unit accrued prior to such conveyance in excess of the amount therein set forth. Notwithstanding the above, the declaration of an exclusive non-residential condominium may provide that the lien for common charges will be superior to any mortgage liens of record.” (Italics supplied.)
Thus, the first sentence of the statute clearly recognizes the priority of the first mortgagee’s lien over that of the condominium. If the second sentence, providing that "unpaid common charges shall be paid out of the sale proceeds or by the grantee” is read to include a first mortgagee-purchaser, this interpretation utterly contradicts the priority so clearly set forth one sentence earlier. On the other hand, if the provision in question is read to apply only to nonparty purchasers, the meaning and purpose statute remain and no self-defeating contradiction is presented.
*970 "It is the duty of the court to harmonize conflicting provisions of a statute if possible, but if there is an irreconcilable conflict, the court must preserve the paramount intention although this may lead to the rejection of some subordinate and secondary provision” (McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [b]; see, Sanders v Winship, 57 NY2d 391, 395-396; People v Mobil Oil Corp., 48 NY2d 192, 199). Real Property Law § 339-z was enacted to create a lien for condominium common charges and to establish that such lien is senior to all other liens with certain clearly specified exceptions, including that of a first mortgagee. The only way this court can harmonize the provision requiring a grantee to pay unpaid common charges with the clear intent of the statute is to except from the definition of "grantee” for purposes of section 339-z, any first mortgagee-purchaser.
Additionally, plaintiff mortgagee informs the court that at the time of its original motion, it did not have a copy of the condominium’s by-laws, and that it has since become aware that article VI, § 2 (b) of the by-laws expressly waive the lien against a grantee purchasing a unit at a foreclosure sale: "A purchaser of a Unit (other than a mortgagee or a purchaser at a foreclosure sale) shall be liable for the payment of all common charges assessed against the unit and unpaid at the time of the purchase.” Such a by-laws provision has been held to constitute a waiver of any statutory right to a payment of common charges by a grantee purchasing at a foreclosure sale (see, Dime Sav. Bank v Miles, NYLJ, May 15, 1991, at 23, col 2 [Sup Ct, Bronx County, Silver, J.]).
For both of the foregoing reasons, the condominium’s lien for common charges must be viewed as extinguished upon the foreclosure sale of the unit to the first mortgagee.
As the plaintiff notes, this result does not extinguish all of the condominium’s rights. It has other remedies available to it, including an action for a money judgment against the individual who incurred the common charges — whether or not the condominium attempted or intended to foreclose on its own liens (Real Property Law § 339-aa).
Accordingly, upon reargument the motion of the Board of Managers of Parc Vendóme Condominium to amend the judgment of foreclosure and sale to include a provision granting priority to the condominium’s lien for unpaid common charges is denied.