OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs, and the certified question should be answered in the affirmative.
 

 In November 1989, plaintiff Bankers Trust commenced this action to foreclose its first mortgage lien against two residential Manhattan condominium units owned by the nonappearing defendants, Joseph Pal and Josephine Pal. In addition to the first mortgage lien, these units were the subject of a statutory lien for unpaid common charges (Real Property Law § 339-z) that was filed on November 13, 1989, by defendant Board of Managers of the Park 900 Condominium. Allegedly, the Pals were indebted to the Board for unpaid common charges then totaling over $50,000, covering a lA-year period. The Board commenced a foreclosure proceeding regarding its
 
 *1035
 
 lien (Real Property Law § 339-aa) at about the time that this action was initiated. Also, at some point prior to the commencement of these actions, the Board approved a
 
 SYi-year
 
 lease of one of the units by the Pals to defendant Joseph Wender, without requiring payment of the overdue charges.
 

 The Board contends that its lien for unpaid common charges is not extinguished in a first mortgage foreclosure proceeding and that its lien should be paid out of the proceeds of the foreclosure sale. The bank successfully moved for summary judgment, asserting the priority of its lien and the extinguishment of the Board’s lien if there are no excess proceeds from a foreclosure sale.
 

 The Appellate Division affirmed, concluding that a foreclosure sale to a first mortgagee was not a sale or voluntary transfer within the meaning of Real Property Law § 339-z, that the priority of liens established by the statute subordinated the common charges lien to a recorded first mortgage, that this interpretation of the statute was supported by the legislative history and that the by-laws of the Board recognized the priority of the first mortgage over any claim for common charges.
 

 The issue before us is the proper interpretation of Real Property Law § 339-z and, specifically, whether that section provides for the survival of the statutory lien for common charges in the face of a first mortgage foreclosure and the payment of the sums due pursuant to that lien out of any proceeds of the foreclosure sale or from the purchaser (grantee) at the foreclosure sale. Section 339-z reads:
 

 "§ 339-z. Lien for common charges; priority; exoneration of grantor and grantee.
 

 "The board of managers, on behalf of the unit owners, shall have a lien on each unit for the unpaid common charges thereof, together with interest thereon, prior to all other liens except only (i) liens for taxes on the unit in favor of any assessing unit, school district, special district, county or other taxing unit, and (ii)
 
 all sums unpaid on a first mortgage of record
 
 or on a subordinate mortgage of record held by the New York job development authority or held by the New York state urban development corporation.
 
 Upon the sale or conveyance of a unit, such unpaid common charges shall be paid out of the sale
 
 
 *1036
 

 proceeds or by the grantee.
 
 Any grantor or grantee of a unit shall be entitled to a statement from the manager or board of managers, setting forth the amount of the unpaid common charges accrued against the unit, and neither such grantor nor grantee shall be liable for, nor shall the unit conveyed be subject to a lien for, any unpaid common charges against such unit accrued prior to such conveyance in excess of the amount therein set forth.
 
 Notwithstanding the above, the declaration of an exclusive non-residential condominium may provide that the lien for common charges will be superior to any mortgage liens of record. ”
 
 (Emphasis supplied.)
 

 The Board contends that the first mortgage foreclosure is a "sale or conveyance” and, therefore, that its lien should be paid out of those proceeds or by the grantee. However, this argument is not supported by the plain language and meaning of the statute. The statute specifically establishes a lien for the common charges in favor of the Board of Managers but grants priority to liens for "all sums unpaid on a first mortgage of record” (Real Property Law § 339-z). The first mortgage foreclosure sale, except to the extent that there are proceeds in excess of the first mortgage, would extinguish all prior liens, i.e., the Board’s statutory lien, and vest full title in the grantee
 
 (see,
 
 RPAPL 1353 [3]). Furthermore, as correctly stated by the Appellate Division, the "sale or conveyance” language in section 339-z refers to a sale or voluntary transfer of the condominium unit rather than to the foreclosure of a first mortgage. Thus, it is clear that the Legislature intended to subordinate liens for unpaid common charges to a first mortgage and it would be inconsistent with that intent to treat a first mortgage foreclosure as a "sale or conveyance” within the meaning of section 339-z.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
 

 Order affirmed, etc.