■ DIME SAVINGS BANK OF NEW YORK, FSB, Appellant, v MANDHAR KAKAR et al., Respondents. [610 NYS2d 33] —Order, Supreme Court, Queens County (Joseph Rosenzweig, J.), entered December 12, 1991, which denied that branch of plaintiff-appellant The Dime Savings Bank of New York, FSB's ("Dime") motion for summary judgment to strike the answer of defendant-respondent Board of Managers of the 85-11 Condominium ("Board"), and which granted the Board's

cross-motion for summary judgment and accorded priority to the Board's lien for common charges pursuant to Real Property Law § 339-z, unanimously reversed, on the law, the plaintiff's motion is granted in its entirety and defendant Board's cross-motion is denied, with costs.

The lone issue raised in this appeal is the statutory interpretation of Real Property Law § 339-z, which states, in pertinent part: "The board of managers * * * shall have a lien on each unit for the unpaid common charges thereof * * * prior to all other liens except only * * * (ii) all sums unpaid on a first mortgage of record * * *. *Upon the sale or conveyance of a unit, such unpaid common charges shall be paid out of the sale proceeds or by the grantee.* * * * Notwithstanding the above, the declaration of an exclusive non-residential condominium may provide that the lien for common charges will be superior to any mortgage liens of record" (emphasis added).

On March 27, 1990, the Dime issued an $80,000 mortgage to the Kakar defendants, which was secured by a certain condominium deed. The Kakars thereafter ceased making their monthly mortgage payments in September 1990 and the Dime commenced the underlying mortgage proceeding in May 1991. The Board was joined as a defendant pursuant to RPAPL 1311.

In its answer, the Board, relying on the provisions of Real Property Law § 339-z, interposed an affirmative defense which asserted that it was entitled to the satisfaction of its lien for unpaid common charges either from the proceeds of the foreclosure sale or from the grantee. The Dime subsequently moved, *inter alia,* to dismiss the Board's answer and the Board cross-moved to have the foreclosure sale conditioned on its lien being satisfied as set forth in the aforementioned affirmative defense. The IAS Court denied that branch of the Dime's motion to dismiss the Board's answer and granted the Board's cross-motion.

The Board argues, *inter alia:* that a "sale" as defined in Real Property Law § 339-z includes foreclosure as well as conventional sales; that its lien is entitled to the status of a "super junior lien" which was intended to survive the foreclosure sale; and that the clear and unambiguous language of Real Property Law § 339-z entitles it to reimbursement "out of the sale proceeds or by the grantee".

The Dime, on the other hand, avers that the term "sale" refers to the usual sale of a condominium unit and not to a foreclosure sale at which the mortgagee might be the high

bidder; and that pursuant to RPAPL 1353, the Board's lien is extinguished upon foreclosure and it is only entitled to surplus proceeds if any, which remain once the mortgage is satisfied.

We recognize that at the time this appeal was brought, case law in the nisi prius courts existed which supported both parties' arguments and there was no appellate guidance *(compare, Dime Sav. Bank v Kakar,* NYLJ, Nov. 15, 1991, at 24, col 5 [Sup Ct, Queens County]; *East Riv. Sav. Bank v Saldivia,* NYLJ, Oct. 11, 1989, at 21, col 4 [Sup Ct, NY County], *with Prudential Ins. Co. v Ward,* 154 Misc 2d 968; *Long Is. Sav. Bank v Gomez,* 150 Misc 2d 482; *and see,* Anderson, *State Courts Split On Parties' Rights In Condo Defaults,* NYLJ, Oct. 30, 1991, at 1, col 3).

In the interim, however, this Court decided *Bankers Trust Co. v Board of Mgrs.* (181 AD2d 274), in which we held, *inter alia,* that a foreclosure sale was not a sale or voluntary transfer within the meaning of Real Property Law § 339-z, and that the interpretation of the statute, as supported by its legislative history, subordinates a common charges lien to a recorded first mortgage. This result was subsequently affirmed by the Court of Appeals in *Bankers Trust Co. v Board of Mgrs.* (81 NY2d 1033).

In view of the foregoing, the order of the IAS Court must be reversed, the Dime's motion granted and the Board's cross-motion denied. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.