OPINION OF THE COURT
Philip S. Straniere, J.
*503 Plaintiff, Board of Managers of Highview Condominium (BOM), commenced an action against defendant Jeanne C. Mahland to foreclose a condominium lien upon the real property owned by the defendant, on the grounds that defendant has failed to pay the common charges due and owing to the plaintiff. Defendant has failed to appear in the action or answer the allegations of plaintiffs complaint.
Plaintiff has presented for this court’s signature a notice of settlement and order of reference to compute, on notice to defendant. The plaintiffs application has compelled the court, sua sponte, to query whether this court has jurisdiction to entertain an action to foreclose a condominium lien.
The genesis of the Civil Court’s jurisdiction is both constitutional and statutory, which limits the court’s jurisdiction to monetary actions with a jurisdictional maximum of $25,000 and certain equitable actions specifically defined. The remedy of foreclosure is an equitable one and may, under certain circumstances, be obtained in the Civil Court. Article VI, § 15 (b) of the Constitution of the State of New York provides that the “court of city-wide civil jurisdiction of the city of New York shall have jurisdiction over the following classes of actions and proceedings which shall be originated in such court in the manner provided by law: actions and proceedings for the recovery of money, actions and proceedings for the recovery of chattels and actions and proceedings for the foreclosure of mechanics liens and liens on personal property where the amount sought to be recovered or the value of the property does not exceed twenty-five thousand dollars”.
It is noteworthy that subdivision (b) of this section was amended in 1983 to increase the amount of the court’s monetary jurisdiction to $25,000; however, the remaining jurisdictional dictates of the section were not expanded. Thus, the jurisdiction to foreclose a condominium lien was not specifically conferred on the Civil Court by the Constitution when amended in 1983, a date after the Legislature had authorized the existence of condominium form of ownership by the passage of Real Property Law § 339-d et seq. in 1964.
The statutory origin of the court’s jurisdiction can be found in CCA 201, which states that: “the court shall have jurisdiction as set forth in this article and as elsewhere provided by law.” The Constitution does not restrict the Legislature’s power to confer equity jurisdiction on the Civil Court; however, CCA 203 enumerates the various actions involving real property over which the court has jurisdiction (Siegel, Practice Com *504 mentarles, McKinney’s Cons Laws of NY, Book 29A, CCA 203, at 62). The section provides that the court shall have jurisdiction over actions, inter alia, for partition, foreclosure of a mortgage lien, foreclosure of a lien arising out of a contract for the sale of real property, actions for specific performance of a contract, and an action for the establishment, enforcement or foreclosure of a mechanic’s lien. There are monetary limits imposed upon the realty actions and the measuring value for each action is enumerated in each subdivision, using either the assessed valuation, the amount of the outstanding lien or the price of the realty as set forth in a contract.
Most compelling is the Legislature’s detailed enumeration of the actions over which the court has jurisdiction and the resounding absence of an action to foreclose a condominium lien. Absent either a specific constitutional or statutory grant, the Civil Court lacks the jurisdiction to entertain certain actions. Consequently, the court has only those powers which are specifically conferred upon it by the New York Constitution or statute.
Even a search by extrapolation for an inference of jurisdiction leaves the court powerless to entertain this action. Counsel for plaintiff relies upon Real Property Law § 339-aa, entitled “Lien for common charges; duration; foreclosure”, which provides that “[s]uch lien may be foreclosed * * * in like manner as a mortgage of real property”. Counsel argues that since the Civil Court has jurisdiction to foreclose a mortgage where the amount of the mortgage does not exceed $25,000 pursuant to CCA 203 (b), the court also has jurisdiction to foreclose a condominium lien by application of the “like manner” language of Real Property Law § 339-aa. “Section 339-aa establishes procedures and priorities applicable to such liens” (Goldsmith, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49, Real Property Law art 9-B, at 576). The statute speaks only to the procedure regarding foreclosure on a condominium lien, it does not confer jurisdiction on the Civil Court to entertain such action.
Most significantly, by way of comparison, Lien Law § 206 specifically refers to the jurisdiction issue in providing that an “action may be maintained to foreclose a lien upon a chattel, for a sum of money, in any case where such a lien exists at the commencement of the action. The action may be brought in any court, of record or not of record, which would have jurisdiction to render a judgment, in an action founded upon a contract, for a sum equal to the amount of the lien.”
*505 í n a a nn aVv aaa a aiai + a a+ tia-Pa-haa aa ir\ .L11C1C lO 11U OU.VJLJ. V VXLU VXLXL VCU.JL U JLCÍCJ.C11LC 111 4-T\ r\ T?nnl "D-maa A-»»f tt 1/110 XVC/Cli X ivpoi by Law for foreclosure of condominium liens in Civil Court, which has jurisdiction to render a money judgment for unpaid common charges. Additionally, the section provides that the procedure for foreclosing a mortgage shall apply in actions to foreclose a mortgage or other lien on chattels or personal property.
The fact that the Legislature specifically addressed the issues of jurisdiction and procedure of foreclosure in this section, yet omitted any reference to foreclosure of condominium liens in the Civil Court in the Real Property Law, is yet another compelling and persuasive argument against conferral of jurisdiction in the Civil Court.
The foreclosure of a condominium lien may involve the determination of priority of liens on the realty and notice to all interested parties, including a first mortgagee. There is no indication that plaintiff herein has given notice to any prior lienholders whose interest may be adversely affected herein. Real Property Law § 339-z provides that the lien for common charges shall be prior to all other liens except “(ii) all sums unpaid on a first mortgage of record”.
The New York Court of Appeals in the case of Bankers Trust Co. v Board of Mgrs. (81 NY2d 1033, 1036 [1993]) held that in drafting section 339-z “the Legislature intended to subordinate liens for unpaid common charges to a first mortgage” and that a first mortgage foreclosure would extinguish all prior liens, including a board’s statutory lien for common shares. Although this is not a case of a first mortgage foreclosure, the court is circumspect with respect to any attempt to foreclose a lien where potential prior lienholders have not been given proper notice of the foreclosure.
. Plaintiffs only jurisdictional path in the Civil Court is a suit to recover a money judgment for unpaid common charges to the extent that the outstanding amounts are less than $25,000. Additionally, the suit may be maintained without the necessity of foreclosing or waiving the lien and “foreclosure shall be maintainable notwithstanding the pendency of suit to recover a money judgment” (Real Property Law § 339-aa).
Accordingly, plaintiffs action to foreclose the lien for unpaid common shares against defendant is dismissed, based on the lack of this court’s jurisdiction over said action.