(December 4, 2001)

■ CADLEROCK JOINT VENTURE, L.P., Appellant-Respondent, v BOARD OF MANAGERS OF THE PARKCHESTER SOUTH CONDOMINIUM, INC., Respondent-Appellant, et al., Defendants. [733 NYS2d 413] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered August 22, 2000, which denied, as premature, plaintiff's (Cadlerock) motion to have the tenant of a condominium managed by Parkchester South Condominium, Inc. (respondent) turn over all rents to plaintiff during the pendency of a foreclosure action against the owner of the condominium, unanimously reversed, on the law, without costs, and plaintiff's motion granted. Cross appeal from the same order unanimously dismissed, without costs, on the ground that defendant Board of Managers is not aggrieved by it.

This appeal presents the issue of whether Cadlerock, the holder of a first mortgage of record on a condominium unit, may demand, during the pendency of a foreclosure action, that the tenant turn rent over to it. The IAS court correctly interpreted Real Property Law § 339-z to provide that it may, because "where a board of managers of a condominium hold a lien for unpaid common charges, such lien is inferior to a first mortgage of record," here, the mortgage held by Cadlerock (*Bankers Trust Co. v Board of Mgrs. of Park 900 Condominium*, 81 NY2d 1033, 1036). However, Cadlerock's motion was also timely made during the pendency of the foreclosure proceeding. Paragraph 22 of the relevant mortgage does not require Cadlerock, the lender, to demand a surrender of possession before it asserts its right to collect rents (*compare, 1180 Anderson Ave. Realty Corp. v Mina Equities Corp.*, 95 AD2d 169, 169-170). We thus direct the tenant to attorn and turn over all rents to plaintiff pendente lite. Common charges and assessments are to be paid to the condominium board from

plaintiff's collections. Concur—Sullivan, P. J., Williams, Tom, Mazzarelli and Andrias, JJ.