■ In the Matter of William Jacobs, Appellant, v Charles Cartalemi et al., Respondents. [66 NYS3d 503]—

Appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 21, 2016. The order and judgment granted that branch of the motion of Charles Cartalemi and Westchester Industrial Complex, LLC, which was, in effect, pursuant to CPLR 3211 (a) to dismiss the action, and, in effect, dismissed the action.

Ordered that the order and judgment is modified, on the law, (1) by deleting the provision thereof, in effect, dismissing the action, (2) by deleting the provision thereof granting that branch of the motion of Charles Cartalemi and Westchester Industrial Complex, LLC, which was, in effect, pursuant to CPLR 3211 (a) to dismiss the action, and substituting therefor a provision denying that branch of the motion, and (3) by adding thereto a provision declaring that William Jacobs has withdrawn as a member of Westchester Industrial Complex, LLC, effective December 1, 2015, and that in order to receive the value of his membership interest, he is obligated to follow the procedures set forth in the operating agreement of West-

chester Industrial Complex, LLC; as so modified, the order and judgment is affirmed, without costs or disbursements.

In June 1995, William Jacobs and Charles Cartalemi entered into an operating agreement for the formation of a limited liability company, Westchester Industrial Complex, LLC (hereinafter WIC). On March 26, 2015, Jacobs served Cartalemi and WIC with a notice of withdrawal (hereinafter the notice), which indicated that he was exercising his right to withdraw as a member of WIC, in accordance with Limited Liability Company Law former § 606. At that time, Jacobs allegedly owned a 20% membership interest in WIC, and Cartalemi owned the remaining 80% interest. The notice asked Cartalemi to consent to Jacobs's withdrawal, and to make arrangements for the payment of the value of his membership interest in accordance with Limited Liability Company Law § 509. The notice stated that, if Cartalemi did not consent to Jacobs's withdrawal, the notice would serve as formal notice that his withdrawal would be automatically effective on December 1, 2015. Cartalemi did not consent to Jacobs's withdrawal.

On July 30, 2015, Jacobs commenced this action, denominated a "special proceeding," asserting two causes of action. The first sought a judgment declaring that, pursuant to Limited Liability Company Law former § 606, Jacobs was entitled to withdraw as a member of WIC, effective December 1, 2015. The second cause of action sought a declaration that, upon his withdrawal from WIC, Jacobs was entitled to be paid, within a reasonable time, the fair value of his membership interest in accordance with Limited Liability Company Law § 509, together with interest at nine percent per annum, without the application of any discount factor. By notice of motion dated December 18, 2015, WIC and Cartalemi moved, in effect, to dismiss the action pursuant to CPLR 3211 (a), or, alternatively, to convert the "special proceeding" to an action pursuant to CPLR 103. They argued that Jacobs withdrew from WIC effective December 1, 2015, and that therefore, his first cause of action should be dismissed as academic. As to the second cause of action, they argued that Jacobs was not entitled to a judgment declaring that he was entitled to be paid the fair value of his membership interest pursuant to Limited Liability Company Law § 509, because WIC's operating agreement provided otherwise and Jacobs was obligated to follow the procedures in the operating agreement. In an order and judgment dated April 21, 2016, the Supreme Court granted that branch of the motion which was, in effect, to dismiss the action, and, in effect, dismissed the action. Jacobs appeals.

"The supreme court may render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy" (CPLR 3001). "[T]he demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested" (CPLR 3017 [b]). Generally, a motion to dismiss the complaint in an action for a declaratory judgment "presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration" (*Staver Co. v Skrobisch*, 144 AD2d 449, 450 [1988]; *see Rockland Light & Power Co. v City of New York*, 289 NY 45, 51 [1942]; *North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d 885, 890 [2015]; *Bregman v East Ramapo Cent. Sch. Dist.*, 122 AD3d 656, 657 [2014]). Further, "a complaint praying for judgment declaring the 'rights and legal relations' of the parties should not be dismissed as insufficient merely because the facts alleged in the complaint show that the plaintiff is not entitled to a declaration of rights as the plaintiff claims them to be. The court should, in proper case[s], retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be" (*Rockland Light & Power Co. v City of New York*, 289 NY at 51 [emphasis omitted]; *see Cahill v Regan*, 5 NY2d 292, 298 [1959]). "Accordingly, where a cause of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001; *see* CPLR 3017 [b]), a motion to dismiss that cause of action should be denied" (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d 1148, 1150 [2011]; *see North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d at 890; *Bregman v East Ramapo Cent. Sch. Dist.*, 122 AD3d at 657; *Minovici v Belkin BV*, 109 AD3d 520, 524 [2013]; *DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d 725, 728 [2013]).

Furthermore, upon a motion to dismiss for failure to state a cause of action, where "the material allegations of the complaint are constructively admitted [and] there is no issue of fact," a court may reach the merits of a properly pleaded cause of action for a declaratory judgment (*German Masonic Temple Assn. v City of New York*, 279 NY 452, 457 [1939]; *see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d 317, 325 [1967]; *Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *Hoffman v City of Syracuse*, 2 NY2d 484, 487 [1957]; *Rockland Light & Power Co. v City of New York*, 289 NY at 53; *North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d at 890). "Under such circumstances, the motion

to dismiss for failure to state a cause of action should be taken as a motion for a declaration in the defendant's favor and treated accordingly" (*Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie*, 87 AD3d at 1150 [internal quotation marks and brackets omitted]; *see North Oyster Bay Baymen's Assn. v Town of Oyster Bay*, 130 AD3d at 890; *Minovici v Belkin BV*, 109 AD3d at 524; *DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC*, 102 AD3d at 728).

Here, the parties are in agreement that the issue of withdrawal is governed by Limited Liability Company Law former § 606 (*see* Limited Liability Company Law § 606 [b]). As relevant, Limited Liability Company Law former § 606 provided that, unless otherwise provided in the operating agreement, a member may withdraw as a member of a limited liability company with the vote or written consent of at least "two-thirds in interest" of the remaining members. If such consent is not given, unless otherwise provided for or prohibited by the operating agreement, the member may withdraw "upon not less than six months' prior written notice to the limited liability company" (Limited Liability Company Law former § 606). The uncontested facts set forth in the pleadings, to which were appended WIC's operating agreement, Jacobs's notice of withdrawal, and the refusal to consent to the withdrawal, establish that Jacobs's withdrawal as a member of WIC was effective December 1, 2015.

However, contrary to Jacobs's contention, the pleadings, and the exhibits appended thereto, also established that the issue of valuation of his membership interest upon withdrawal is not governed by Limited Liability Company Law § 509, because WIC's operating agreement includes a controlling provision. Limited Liability Company Law § 509 provides that, upon withdrawal as a member of a limited liability company, any withdrawing member is entitled to receive any distribution to which he or she is entitled under the operating agreement and, *"if not otherwise provided in the operating agreement,* he or she is entitled to receive, within a reasonable time after withdrawal, the fair value of his or her membership interest in the limited liability company as of the date of withdrawal" (emphasis added).

WIC's operating agreement includes an article setting forth the procedures to be followed when a member "desires to sell his, her or its Membership Interest." Where a "selling member" has received a prior offer from a bona fide purchaser for value, the selling member is obligated to offer the membership interest first to the other WIC members upon the terms and condi-

tions offered to the third party. Where there is no prior offer to purchase the membership interest, the operating agreement directs that the selling member must make an offer of sale to the other WIC members, who may accept or reject the same, or make a counteroffer. In the event of a rejection of the offer and a rejection of the counteroffer, if any, the selling member then becomes free to offer the membership interest to any other party, provided that the terms are no less favorable to the selling member than the terms offered to WIC's members. It is undisputed that Jacobs has not engaged in this procedure.

Jacobs's contention that these provisions of the operating agreement control only the "sale" of a membership interest and not the valuation of a membership interest upon a member's withdrawal from WIC is unavailing. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Marin v Constitution Realty, LLC*, 28 NY3d 666, 673 [2017]). "The best evidence of what parties to a written agreement intend is what they say in their writing" (*Slamow v Del Col*, 79 NY2d 1016, 1018 [1992]; *see Greenfield v Philles Records*, 98 NY2d at 569). "[A] contract should be 'read as a whole; . . . and if possible it will be so interpreted as to give effect to its general purpose'" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324-325 [2007], quoting *Matter of Westmoreland Coal Co. v Entech, Inc.*, 100 NY2d 352, 358 [2003]; *see Marin v Constitution Realty, LLC*, 28 NY3d at 673). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d at 569; *see Marin v Constitution Realty, LLC*, 28 NY3d at 673).

Here, the operating agreement is unambiguous on its face. It establishes procedures to be used where a member has not received an offer of sale, but nonetheless wishes to relinquish her, his, or its membership interest and to be compensated for the same. Thus, regardless of whether the "selling member" has withdrawn as a member of WIC, the operating agreement provides the manner in which the member might receive value for the membership interest (*cf. Bellwether Community Credit Union v CUSO Dev. Co., LLC*, 566 Fed Appx 398 [6th Cir 2014]). Accordingly, the Supreme Court properly determined that Jacobs was not entitled to a judgment declaring that, upon his withdrawal from WIC, he is entitled to be paid, within a reasonable time, the fair value of his membership interest in accordance with Limited Liability Company Law § 509,

together with interest at nine percent per annum, without the application of any discount factor.

However, because this is an action for declaratory relief, instead of dismissing the action on the ground that Jacobs was not entitled to the relief he sought, "the proper procedure for the court is to deny the motion to dismiss the complaint (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties, whatever they may be" (*St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.*, 20 NY2d at 325; *see Cahill v Regan*, 5 NY2d at 298; *Rockland Light & Power Co. v City of New York*, 289 NY at 51). Accordingly, the Supreme Court should have denied that branch of the motion which was, in effect, to dismiss the action, and declared that Jacobs has withdrawn as a member of WIC, effective December 1, 2015, and that in order to receive the value of his membership interest, he is obligated to follow the procedures set forth in WIC's operating agreement.

Jacobs's remaining contentions are without merit. Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.