Great Homes Group, LLC v GMAC Mtge., LLC (2020 NY Slip Op 01330)





Great Homes Group, LLC v GMAC Mtge., LLC


2020 NY Slip Op 01330


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-07279
 (Index No. 6755/16)

[*1]Great Homes Group, LLC, appellant,
v
GMAC Mortgage, LLC, respondent, et al., defendant.


Miller Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Blank Rome LLP (Solomon & Siris, P.C., Garden City, NY [Stuart Siris], of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered May 12, 2017. The order granted the motion of the defendant GMAC Mortgage, LLC, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant GMAC Mortgage, LLC, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it is denied, and the plaintiff's cross motion for leave to amend the complaint is granted.
By deed dated August 28, 1990, a condominium unit located in Syosset (hereinafter the unit) was transferred from Frank A. Scappaticci to Gary Parks and Deborah Parks (hereinafter together the Parks). The Parks financed their purchase by executing a mortgage in favor of Home Saving of America, F.A. (hereinafter Home Saving), in the amount of $226,400. The Parks also executed a second mortgage in favor of Scappaticci (hereinafter the Scappaticci mortgage) in the principal amount of $40,000, subject and subordinate to the Home Saving mortgage. On October 11, 1994, Scappaticci died. On or about July 11, 2005, Gary executed a quitclaim deed for the unit in favor of Deborah. The next day, Deborah executed a mortgage in favor of Diamond Funding Corporation in the principal amount of $273,000 (hereinafter the GMAC mortgage). On April 16, 2007, the defendant JPMorgan Chase Bank, N.A., also recorded a mortgage executed by Deborah in its favor, in the amount of $75,000, subject only to the GMAC mortgage. On October 16, 2009, Diamond Funding Corporation assigned the GMAC mortgage to the defendant GMAC Mortgage, LLC (hereinafter GMAC). The assignment was recorded on November 25, 2009.
On March 29, 2012, GMAC commenced an action to foreclose its mortgage. On May 22, 2015, the Condominium Association for the unit filed a notice of lien for unpaid common [*2]charges in the amount of $5,978.93, which was recorded on June 3, 2015. The Condominium Association commenced a foreclosure action on its lien and, ultimately, the plaintiff became the owner of the unit by referee's deed dated July 29, 2016.
The plaintiff then commenced this action to quiet title to the unit, asserting that the GMAC mortgage was subordinate to the Scappaticci mortgage and therefore was extinguished by the foreclosure sale based upon the unpaid common charges. GMAC moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. The plaintiff cross-moved for leave to amend the complaint. The Supreme Court granted GMAC's motion, holding that the plaintiff purchased the property subject to GMAC's mortgage, and denied the plaintiff's cross motion. The plaintiff appeals.
A motion to dismiss the complaint in a declaratory judgment action presents the question of whether a cause of action is stated, not whether the plaintiff is entitled to a favorable declaration (see Matter of Jacobs v Cartalemi, 156 AD3d 635, 637). When a motion to dismiss is made in a declaratory judgment action and the alleged facts demonstrate that the plaintiff is not entitled to the declaration requested, the court should "retain jurisdiction of the action and should exercise its power to declare the rights and legal relations of the parties whatever they may be" (id. at 637, quoting Rockland Light & Power Co. v City of New York, 289 NY 45, 51). Further, "upon a motion to dismiss for failure to state a cause of action, where the material allegations of the complaint are constructively admitted [and] there is no issue of fact,' a court may reach the merits of a properly pleaded cause of action for a declaratory judgment" (Matter of Jacobs v Cartalemi, 156 AD3d at 637, quoting German Masonic Temple Assn. v City of New York, 279 NY 452, 457). The motion to dismiss should be treated as a motion for a declaration in the defendant's favor (see Matter of Jacobs v Cartalemi, 156 AD3d at 637).
The law is clear that all unpaid sums on a first mortgage take priority over the subsequent lien for unpaid common charges (see Real Property Law § 399-z; Bankers Trust Co. v Board of Mgrs. of Park 900 Condominium, 81 NY2d 1033, 1036).
Here, GMAC failed to establish its entitlement to a declaration that it holds the priority mortgage on the subject property. Specifically, GMAC failed to submit sufficient evidence demonstrating that the Scappaticci mortgage was unenforceable. Accordingly, the Supreme Court should have denied GMAC's motion.
Additionally, the plaintiff's cross motion for leave to amend the complaint should have been granted. "Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party, the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (J.W. Mays, Inc. v Liberty Mut. Ins. Co., 153 AD3d 1386, 1387 [citation omitted]; see CPLR 3025[b]). In determining a motion for leave to amend a pleading, "a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack or merit is clear and free from doubt" (Faiella v Tysens Park Apts., LLC, 110 AD3d 1028, 1029). The determination to permit or deny an amendment is committed to the sound discretion of the trial court (see CPLR 3025[b]; Fox Paine & Co., LLC v Houston Cas. Co., 153 AD3d 678, 679). Here, the proposed amendment is not palpably insufficient or patently devoid of merit.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court