Lessin v Piliaskas (2020 NY Slip Op 06515)





Lessin v Piliaskas


2020 NY Slip Op 06515


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-09974 
2018-14398
 (Index No. 500026/18)

[*1]Daniel Lessin, appellant-respondent, 
v
Anthony Piliaskas, et al., respondents-appellants.


Arthur R. Lehman, LLC, New York, NY, for appellant-respondent.
Gabriel Fischbarg, New York, NY, for respondents-appellants.



DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J), dated July 5, 2018, and an order of the same court dated November 8, 2018, and the defendants cross-appeal from the order dated July 5, 2018. The order dated July 5, 2018, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action. The order dated November 8, 2018, insofar as appealed from, (1), in effect, upon renewal and reargument, adhered to the determination in the order dated July 5, 2018, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, (2), in effect, upon reargument, vacated the determination in the order dated July 5, 2018, in effect, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Bembe, Inc., and thereupon granted that branch of the defendants' motion, and (3) denied that branch of the plaintiff's cross motion which was for leave to amend the complaint.
ORDERED that the cross appeal is dismissed as abandoned; and it is further,
ORDERED that the appeal from the order dated July 5, 2018, is dismissed, as the portion of the order appealed from was superseded by the order dated November 8, 2018, made, in effect, upon renewal and reargument; and it is further,
ORDERED that the order dated November 8, 2018, is reversed insofar as appealed from, on the law, (1), upon renewal and reargument, the determination in the order dated July 5, 2018, granting that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action is vacated, and that branch of the defendants' motion is denied, (2), upon reargument, the determination in the order dated July 5, 2018, in effect, denying that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendant Bembe, Inc., is adhered to, and (3) that branch of the plaintiff's cross motion which was for leave to amend the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The cross appeal must be dismissed as abandoned, as the defendants do not seek reversal or modification of any portion of the July 5, 2018 order in their brief (see Kamins v United Healthcare Ins. Co. of New York, Inc., 171 AD3d 715, 716).
In May 2002, the plaintiff, Daniel Lessin, and the defendant Anthony Piliaskas entered into an agreement (hereinafter the agreement) pursuant to which they each acquired a 50% ownership interest in the defendant Bembe, Inc. (hereinafter Bembe), which was formed to operate a bar and dance club in Brooklyn. The agreement provided, inter alia, that if either Lessin or Piliaskas were to leave Bembe more than three years after opening for business, the departing partner would receive a buyout of half of the "profits" of the last year completed as partner.
In December 2017, Lessin commenced this action against Piliaskas and Bembe, seeking, in the second cause of action, to recover damages for anticipatory breach of contract. Specifically, Lessin alleged that, after he decided to leave Bembe, Piliaskas declared that Lessin's buyout would be calculated as half of the amount of "ordinary business income" reported by Bembe on its 2016 federal income tax return, or the sum of $15,650. Lessin alleged that payment of that sum for his buyout would be in breach of the agreement since Bembe's actual profits for 2016 were in excess of $350,000.
The defendants moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against Bembe and to dismiss the second cause of action asserted against Piliaskas. In an order dated July 5, 2018, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the second cause of action, and, in effect, denied that branch of the motion which was to dismiss the complaint insofar as asserted against Bembe.
Thereafter, the defendants moved, inter alia, for leave to reargue that branch of their motion which was to dismiss the complaint insofar as asserted against Bembe. Lessin cross-moved for leave to renew and reargue his opposition to that branch of the defendants' motion which was to dismiss the second cause of action, and for leave to amend the complaint. In an order dated November 8, 2018, the Supreme Court, in effect, upon renewal and reargument, adhered to its prior determination granting that branch of the defendants' motion which was to dismiss the second cause of action; in effect, upon reargument, vacated its prior determination, in effect, denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Bembe, and thereupon granted that branch of the defendants' motion; and denied that branch of Lessin's cross motion which was for leave to amend the complaint. Lessin appeals.
In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(1), "the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Leon v Martinez, 84 NY2d 83, 88). Further, where a court considers evidentiary material in the context of a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint may only be dismissed when "it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said to that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, Bembe's federal income tax return, submitted by the defendants in support of their motion to dismiss, was insufficient to utterly refute Lessin's allegation that Bembe's 2016 profits exceeded the sum reported therein as "ordinary business income," and to prove that this allegation was "not a fact at all." Among other things, Lessin disputed the accuracy of the tax return, which had been signed only by Piliaskas on behalf of the corporation and which allegedly had been prepared without Lessin's participation. While the defendants additionally submitted certain email correspondence purportedly exchanged between Lessin and Bembe's accountant, these emails were not "documentary evidence" within the intendment of CPLR 3211(a)(1) (see Members of Dekalb Ave. Condominium Assn. v Klein, 172 AD3d 1196). Accordingly, upon renewal and reargument, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the second cause of action.
Additionally, upon reargument, the Supreme Court should have adhered to its [*2]determination, in effect, denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Bembe (see generally Leon v Martinez, 84 NY2d at 87-88).
Finally, the Supreme Court should have granted that branch of Lessin's cross motion which was for leave to amend the complaint, as the amendment would not result in prejudice or surprise to the defendants and was neither palpably insufficient nor patently devoid of merit (see CPLR 3025[b]; Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013, 1014-1015).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court