HPHD Invs. Group, LLC v Ioannou (2020 NY Slip Op 07041)





HPHD Invs. Group, LLC v Ioannou


2020 NY Slip Op 07041


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-10042 
2018-10043
 (Index No. 12146/13)

[*1]HPHD Investors Group, LLC, respondent,
v
John M. Ioannou, etc., et al., appellants, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman and Seung Woo Lee of counsel), for appellants.
Lawrence and Walsh, P.C., Hempstead, NY (John M. Tangel of counsel), for respondent.



DECISION & ORDER
In an action to foreclose several mortgages, the defendants John M. Ioannou and John M. Ioannou, P.C., appeal from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered June 5, 2018, and (2) a judgment of foreclosure and sale of the same court entered June 15, 2018. The order granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. The judgment of foreclosure and sale, upon an order of the same court entered September 28, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants John M. Ioannou and John M. Ioannou, P.C., to strike those defendants' answer, and for an order of reference, and denying that branch of the cross motion of the defendants John M. Ioannou and John M. Ioannou, P.C., which was for leave to amend their answer, and upon the order entered June 5, 2018, inter alia, directed the sale of the subject properties.
ORDERED that the appeal from the order entered June 5, 2018, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants John M. Ioannou and John M. Ioannou, P.C., to strike those defendants' answer, and for an order of reference are denied, that branch of the cross motion of the defendants John M. Ioannou and John M. Ioannou, P.C., which was for leave to amend their answer to add an affirmative defense of fraudulent inducement is granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders entered September 28, 2017, and June 5, 2018, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellants.
The appeal from the order entered June 5, 2018, must be dismissed because the right [*2]of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In December 2011, John M. Ioannou, individually and as president of John M. Ioannou, P.C. (hereinafter together the defendants), and Elaine Ioannou executed a note in favor of the plaintiff in the sum of $3,000,000, which was secured by mortgages against certain properties owned by John and Elaine. In October 2013, the plaintiff commenced this action, inter alia, to foreclose those mortgages. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and the defendants cross-moved, inter alia, for leave to amend their answer. In an order entered September 28, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendants' cross motion. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order entered June 5, 2018, the court granted that motion. On June 15, 2018, the court entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject properties. The defendants appeal.
"To establish prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 556). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting copies of the subject mortgages, the note, and evidence of the defendants' default (see id. at 557). Contrary to the defendants' contention, the plaintiff was not required to submit evidence that it mailed a notice of default to them, since the mortgages and note did not obligate the plaintiff to provide the defendants with such notice (see Emigrant Funding Corp. v Agard, 121 AD3d 935, 936).
However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact as to whether the note and mortgages were procured by fraudulent inducement by submitting an affidavit of John, who averred that the plaintiff's owner, Dean Facatselis, with whom he had a close relationship, represented prior to execution of the note and mortgages that certain mortgage terms would not be enforced (see Valiotis v Bekas, 106 AD3d 992). The plaintiff's contention that John "lacks credibility" was not a sufficient basis to disregard his affidavit, since "[t]he function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 201 [internal quotation marks omitted]). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, and denied the plaintiff's separate motion to confirm the referee's report and for a judgment of foreclosure and sale.
Furthermore, the Supreme Court should have granted that branch of the defendants' cross motion which was for leave to amend their answer to add an affirmative defense of fraudulent inducement. Pursuant to CPLR 3025(b), leave to amend a pleading is to be "freely given." "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (McIntosh v Ronit Realty, LLC, 181 AD3d 579, 579 [internal quotation marks omitted]). However, "[i]n determining a motion for leave to amend a pleading, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt" (Great Homes Group, LLC v GMAC Mtge., LLC, 180 AD3d 1013, 1015 [internal quotation marks omitted]). "The determination to permit or deny an amendment is committed to the sound discretion of the trial court" (id. at 1015). Here, insofar as the defendants raised a triable issue of fact as to whether the note and mortgages were the product of fraudulent inducement, it cannot be said that the affirmative defense of fraudulent inducement is palpably insufficient or patently devoid of merit. Further, the plaintiff has not made any showing of prejudice. Accordingly, the court should have granted that branch of the defendants' cross motion which was for leave to amend their answer to add an affirmative defense of fraudulent inducement.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court