Board of Mgrs. of Print. House Condominium v Mountbatten Equities, L.P. (2023 NY Slip Op 02936)

Board of Mgrs. of Print. House Condominium v Mountbatten Equities, L.P.

2023 NY Slip Op 02936

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Kapnick, J.P., Oing, Gesmer, Singh, Shulman, JJ. 

Index No. 152870/21 Appeal No. 363 Case No. 2022-02891 

[*1]Board of Managers of Printing House Condominium, Plaintiff-Respondent,
v
Mountbatten Equities, L.P., et al., Defendants-Appellants, Barnet Liberman et al., Defendants.

Rosenberg & Estis, P.C., New York (John D. Giampolo of counsel), for appellants.
Gallet Dreyer & Berkey, LLP, New York (Kyle G. Kunst of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered June 6, 2022, which granted plaintiff Board of Managers of Printing House Condominium's (the Board) motion to appoint a temporary receiver to, among other things, collect reasonable rent for the subject units and apply that rent to common charges, unanimously affirmed, with costs.
In this action to foreclose on liens against commercial condominium units for unpaid common charges, Supreme Court providently exercised its discretion in granting the Board's motion, as the appointment of a temporary receiver was authorized by Real Property Law § 339-aa and the condominium bylaws (e.g. Capital One, N.A. v Banfill, 177 AD3d 415, 415 [1st Dept 2019]). In opposing the Board's motion, defendants Mountbatten Equities, L.P., Hudson Leroy LLC, and 421 Commercial Fitness (Owners) articulated no persuasive basis to deny the requested relief. That some of the Board's liens are inferior to first mortgages does not preclude appointment of a temporary receiver or application of rent to common charges under these circumstances (see Ezriel Equities Assoc. v 157 E. 72nd St. Assoc., 225 AD2d 326, 327 [1st Dept 1996], lv dismissed 88 NY2d 1064 [1996]; cf. Cadlerock Joint Venture v Board of Mgrs. of Parkchester S. Condominium, 289 AD2d 1 [1st Dept 2001]). Owners submitted no support for their position that the amount of unpaid common charges was in issue (see e.g. Banfill, 177 AD3d at 415-416).
Owners' attempts to distinguish Ezriel Equities and Banfill are largely premised on facts that were not before Supreme Court when it decided the Board's motion or are otherwise unpersuasive. We decline to consider Owners' new argument, that some of the unpaid common charges are subject to arbitration, as that argument is best addressed, in the first instance, by Supreme Court on Mountbatten Equities' pending motion to compel arbitration.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023